**Abram FLAXER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12027.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1957.

Decided April 3, 1958.

Writ of Certiorari Granted June 9, 1958.
See 78 S.Ct. 1149.

Mr. David Rein, Washington, D. C., with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellant.

Mr. William Hitz, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll, John D. Lane and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief, for appellee.

1. Adams v. United States, 95 U.S.App.D.C. 354, 355, 357, 222 F.2d 45, 48 (1955).

Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON and DANAHER, Circuit Judges, sitting *en banc*. Circuit Judges BASTIAN and BURGER took no part in the hearing or decision of this case.

PRETTYMAN, Circuit Judge.

In 1956 we affirmed the conviction of Flaxer for contempt.[1] The Supreme Court vacated our judgment and remanded[2] "for consideration in the light of Watkins v. United States".[3]

In Barenblatt[4] upon similar remand we held that the Supreme Court in Watkins did not vitiate *in toto* the resolution of the House establishing the Un-American Activities Committee. We came to that conclusion for four reasons: (1) The Court did not say the resolution is invalid; (2) the Court discussed at length other points regarding pertinency, which discussion we deemed not to be *dictum*; (3) the Court cited and did not overrule a number of cases upholding convictions for contempt under the same resolution; and (4) the Court remanded the case to us for further consideration, a useless gesture if the resolution itself is invalid.

As we pointed out upon remand in Sacher[5] the Senate resolution here involved[6] is more precise than the House resolution criticized in Watkins. *A fortiori* this resolution was not struck down by the Court in its Watkins opinion.

We have, then, only the questions posed by Watkins as to pertinency. Even if the resolution is vague, Flaxer's responses to questions demonstrated that he knew what the subject of the inquiry was. In response to the *subpoena* he produced the financial and various other records of his union and, without objecting, presented them to the Committee on the record. He thus indicated that he recognized the nature of the question under inquiry. He refused to produce the membership lists but not upon the ground they were not pertinent. He objected on the ground that the Government as an employer is not entitled to know which of its employees belong to unions; he made an extensive statement of his position on that point.

Flaxer now seizes upon the word "irrelevant", used by him in one answer, as support for his claim that he objected to the question upon pertinency grounds. The Chairman had pointed out that the Committee was in executive session and that the records would not be public upon presentation unless so ordered by the Committee. The whole of Flaxer's answer was: "Sir, on that I don't see any good purpose that these records would serve, even if I were to produce them. I think they are wholly irrelevant, if you say they are not to be made public." In using the word "irrelevant" Flaxer was merely expressing his view of a presentation in private. The only meaning reasonably inferrable from his answer is that if not made public the records were irrelevant.

We affirm the judgment of the District Court.

Affirmed.

WASHINGTON, Circuit Judge, concurs in the result, finding no impediment in Watkins, or other controlling authority, to affirmance of the conviction.

FAHY, Circuit Judge, with whom EDGERTON, Chief Judge, and BAZELON, Circuit Judge, concur (dissenting).

When the case was here before, prior to the Watkins decision of the Supreme Court, I dissented on the ground that the Internal Security Subcommittee of the Senate Committee on the Judiciary had

1. Flaxer v. United States, 98 U.S.App.D.C. 324, 235 F.2d 821.

2. Flaxer v. United States, 354 U.S. 929, 77 S.Ct. 1392, 1 L.Ed.2d 1533 (1957).

3. 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273 (1957).

4. Barenblatt v. United States, 102 U.S. App.D.C. 217, 252 F.2d 129 (1958).

5. Sacher v. United States, 102 U.S.App. D.C. 264, 252 F.2d 828 (1958).

6. S.Res. No. 366, 81st Cong., 2d Sess. (1950).

empowered a subcommittee consisting of a single member to do no more than to administer oaths and to take sworn testimony.[1] This, I thought, did not authorize the subcommittee consisting of the Chairman alone to rule upon appellant's objections to the production of documents called for by a subpoena *duces tecum* issued under authority of the parent Subcommittee. Contrary views prevailed in this court, after which the Supreme Court granted certiorari and remanded the case to us for reconsideration in the light of Watkins. 354 U.S. 929, 77 S.Ct. 1392, 1 L.Ed.2d 1533.

Under Watkins a delegation by Congress or by the Senate or the House of Representatives to an investigative committee must "spell out that group's jurisdiction and purpose with sufficient particularity. Those instructions are embodied in the authorizing resolution. That document is the committee's charter." 354 U.S. at page 201, 77 S.Ct. at page 1186. There the Court was considering the question of the committee's authorized scope of inquiry as it bore upon the pertinency of questions asked a witness. But the force of Watkins cannot be confined to issues of pertinency. Watkins requires as well clarity and certainty in the delegation of whatever power is sought to be exercised to compel obedience by a witness on pain of punishment for crime for not obeying. In that light Watkins fortifies the basis of my previous dissent. The charter here was the resolution of the parent Subcommittee delegating specified authority to a one-member subcommittee. To repeat, this subcommittee, before whom appellant appeared, was given authority only to administer oaths and to take sworn testimony. Its charter is expressed only in those terms. The broader authority claimed is not to be implied. Moreover, the reason for the particular character of the limited delegation is known. It was to avoid the defense of no quorum, that is, of no competent tribunal, in event a witness were prosecuted for perjury for testimony given under oath before a single member. See Christoffel v. United States, 338 U.S. 84, 69 S.Ct. 1447, 93 L. Ed. 1826. This purpose was accomplished by constituting one member a quorum to administer oaths and to take sworn testimony.

Like considerations fortify the dissenting opinion of Chief Judge Edgerton, in which Judge Bazelon concurred, when the case was here before. The Chief Judge stated,

"Appellant was entitled, and in effect asked, to have his objection to the subpoena considered by 'this committee', i. e. the subcommittee. It was not so considered. Under Senate rules, the chairman was a quorum 'for the purpose of administering oaths and taking sworn testimony', but he was not a quorum for other purposes."

98 U.S.App.D.C. 324, 334, 235 F.2d 821, 831. "Other purposes" would include consideration of and decision upon appellant's repeated requests that he be not required to produce the membership lists called for by the subpoena *duces tecum.*

For these reasons I think the judgment of conviction should be reversed and the appellant discharged.

EDGERTON, Chief Judge, and BAZELON, Circuit Judge.

1. Tr. 45–56. This action was in accordance with S.Res. 366, 81st Cong., 2d Sess., the resolution to which the Internal Security Subcommittee owes its authority. This resolution provides:
A majority of the members of the [Judiciary] committee, or duly authorized subcommittee thereof, shall constitute a quorum for the transaction of business, except that a lesser number, to be fixed by the committee, or by such subcommittee, shall constitute a quorum for the purpose of administering oaths and taking sworn testimony.
96 Cong.Rec. 16872 (1950). See my dissent in Sacher v. United States, 102 U.S. App.D.C. 273, 252 F.2d 837, note 1.

Besides joining fully with Judge Fahy, we think the conviction should be reversed for the additional reason stated in our former dissent. 98 U.S.App.D.C. 324, 333, 235 F.2d 821, 830.